IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DWANE BROOK,

    Plaintiff,                           No. CIV S- 04-1254 GEB GGH P

    vs.

TOM L. CAREY, Warden, et al.,

    Defendants.                      ORDER

/

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On July 20, 2005, plaintiff moved for leave to file a second amended complaint. An answer to plaintiff's first amended complaint was filed on January 25, 2005.[1]

          The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). As a responsive pleading to plaintiff's first amended complaint was filed by defendants, plaintiff may amend "only by leave of court or by written consent of the adverse party...." Fed. R. Civ. P. 15(a). Defendants have filed no opposition to the filing of the second

---

[1] Although the answer states that defendants' answer is to plaintiff's original complaint, the court ordered service upon them of the October 25, 2005 first amended complaint which contained minor modifications. See Orders filed on November 23, 2004 & footnote 1; see also, Order, filed on December 17, 2004.

1

amended complaint and have simply asked that the court screen the new filing. See defendants' motion for protective order, filed on September 23, 2005. Although defendants have not provided express written consent to the filing of the second amended complaint, neither have they taken any opportunity to oppose the plaintiff's motion. Moreover, a discovery order was filed on February 10, 2005. See docket entry # 31.

Plaintiff adds no new claims and no new parties in his proposed second amended complaint, apparently seeking only to correct mistaken dates, to add exhibits, and to clarify certain claims. Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Although plaintiff's changes do not appear to be substantive and his filing will somewhat delay the litigation, as defendants must now be afforded another opportunity to file a responsive pleading, the court will grant the motion, particularly in light of no opposition having been filed by defendants. Defendants will be granted 30 days to file an amended answer, to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), or to inform the court that they intend to stand on their original answer.

On September 14, 2005, plaintiff filed a motion to compel discovery. Defendants brought their motion for protective order seeking relief from their obligation to respond to plaintiff's motion to compel and his discovery requests, in part wrongly premised on their mistaken assumption that no discovery order had issued in this case. Defendants' motion for a protective order will be denied but defendants will be granted their alternative request for a 45-day extension of time to file their response to plaintiff's motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint, filed on July 20, 2005, unopposed by defendants, is granted and this matter now proceeds on the second amended complaint, filed on July 20, 2005;

2. Defendants are granted 30 days to file an amended answer, to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), or to inform the court that they intend to stand on their

1  original answer; and

2      3. Defendants' September 23, 2005 motion for a protective order to relieve them

3  of their obligation to respond to plaintiff's motion to compel and his discovery requests, for the

4  reasons set forth above, is denied, but defendants are granted their alternative request for a 45-

5  day extension of time to file their response to plaintiff's September 14, 2005 motion to compel

6  discovery.

7  DATED:   10/5/05

8

9          /s/ Gregory G. Hollows

10         GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

11

GGH:009

12 broo1254.ord