IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DWANE BROOK,

    Plaintiff,                                              No. CIV S-04-1254 GEB GGH P

    vs.

TOM L. CAREY, Warden, et al.,

    Defendants.                                         ORDER
_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. By Order, filed on August 30, 2007, defendants' motion for summary was granted in part and denied in part, and this action has since proceeded on plaintiff's claims of Eighth Amendment violations regarding his dental care against defendants Carey, Traquina and McIntyre, with Carey and Traquina remaining as defendants in their official capacities only.[1] As to defendant McIntyre, plaintiff's also continues to proceed against him on supplemental state law negligence claims.

    This court filed a Further Scheduling Order, on September 7, 2007, setting a

---

[1] Disturbingly, it appears in the docket at entry # 103, that this Order, adopting the July 13, 2007, Findings and Recommendations, was returned as undeliverable because it was apparently "refused" by plaintiff.

1

1  pretrial conference before the undersigned for November 30, 2007; a trial confirmation hearing
2  date (March 3, 2008, at 2:30 p.m.), and a jury trial date (April 29, 2008, at 9:00 a.m.) were
3  therein set before the Honorable Garland E. Burrell, Jr.  Also set forth were the deadlines for the
4  parties to file pretrial statements for the pretrial conference to be submitted on the file only before
5  this court.  Neither party met their respective deadlines and, in fact, no pretrial statement by
6  either has been filed.[2]

Instead, on November 8, 2007, plaintiff filed a motion for leave to file a supplemental complaint, along with a proposed supplemental complaint, the gravamen of which is that plaintiff seeks to add later occurring claims of retaliation which he believes relate back to his original claims.  In addition, the court observes that plaintiff improperly seeks to revive claims against defendants who have been granted summary judgment.  See, e.g., proposed suppl. cmpl., pp. 22-13; 17-18.  Plaintiff also fails to note that summary judgment for all defendants was recently granted as to plaintiff's previous allegations of First Amendment violations, including claims of retaliation by defendants and claims of denial of right to court access. Moreover, notwithstanding that plaintiff believes he has been retaliated against for proceeding in this action, he concedes that the events he describes, such as his removal from his assignment, the raising of his custody risk level, his subjection to assault, etc., "do not prove retaliation on the part of the prison staff or the defendants in this case, but taken as a whole, the events show a chronological series of events constituting retaliation."  Prop. suppl. cmpl., pp. 16, 20.

Plaintiff's motion will be denied.  Assuming plaintiff's additional claims could be construed as colorable, to allow plaintiff to proceed on supplemental claims at this late juncture would require re-opening discovery deadlines, dispositive motion filing deadlines, etc., on a case that has been filed and proceeding for more than three years.  If plaintiff chooses, he

---

[2] Although plaintiff failed to meet his deadline, defendants were not automatically entitled to ignore their own deadline without seeking leave of court to be relieved of their filing obligation.

1 | may proceed in a separate action on his claims for retaliation. <u>George v. Smith,</u> ___ F.3d ___,
2 | 2007 WL 3307028 *1 (7th Cir. Nov. 09, 2007).
3 |       Accordingly, IT IS ORDERED that:
4 |       1. Plaintiff's November 9, 2007, motion for leave to file a supplemental
5 | complaint is denied;
6 |       2. The pretrial conference is re-set for January 24, 2008, plaintiff's pretrial
7 | statement to be filed by January 3, 2008; defendants' pretrial statement is due by January 17,
8 | 2008;
9 |       3. The dates for the trial confirmation hearing and for the jury trial remain as set
10 | forth in the September 7, 2007, Further Scheduling Order;
11 |       4. Plaintiff's failure to file a timely pretrial statement will result in a
12 | recommendation of dismissal of this action for failure to comply with court orders. <u>See</u>, Fed. R.
13 | CIV. P. 41(b); Local Rule 11-110.
14 | DATED: 12/5/07         /s/ Gregory G. Hollows
15 |         GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE
16 | GGH:009
broo1254.ord2