1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RONALD DWANE BROOK,

11              Plaintiff,                          No. CIV S-04-1254 GGH P

12         vs.

13    TOM L. CAREY, Warden, et al.,

14              Defendants.                         ORDER

15    _____/

16              Pursuant to the consent of the parties, this action has been reassigned to the

17    undersigned. See Order, filed on February 27, 2008.   A trial confirmation hearing was held on

18    March 17, 2008.  Plaintiff appeared pro se via video-conferencing.   Christopher Becker appeared

19    on behalf of defendants.  At the hearing, a new trial date was set.

20              Plaintiff asked that his three witnesses already scheduled to appear via video-

21    conferencing be allowed to appear in person at trial, and that additional witnesses be permitted to

22    appear via video-conferencing.  Plaintiff also asked that David Elmore be substituted as one of

23    his three approved witnesses in place of witness Jennings (a substitution request that he

24    subsequently modified- -see below).  The court directed plaintiff, within 15 days of the hearing,

25    to re-submit his request for additional witnesses and stated that plaintiff's request to have

26    personal appearances of the three approved witnesses would be reconsidered.   Plaintiff was also

1

1   directed to submit a statement with regard to his request for the witness substitution.

2           Defendants indicated that they would object to the admission of witness

3   declarations as testimony on direct or as exhibits, and the court explained to plaintiff that

4   declarations from witnesses not available for cross-examination presented hearsay issues.  The

5   court indicated that motions in limine should contain specific discovery requests to be placed

6   before the jury.  To avoid a cumbersome authentication procedure at trial, and in consultation

7   with the parties, the court tasked defendants with producing a master copy of all of plaintiff's

8   medical file/records, including all dental records, since 1999 at trial.  The court stated that

9   plaintiff would be permitted to submit as an exhibit any matching record he sought to present.

10  Any additional writing on an exhibit would be stricken.

11          The court set the schedule for the filing of motions in limine, proposed jury

12  instructions, and any trial briefs.  See below.  As to proposed jury instructions, in response to an

13  inquiry by plaintiff, the undersigned informed him that the court does not preliminary

14  instructions.  Rather, plaintiff was advised that only substantive instructions going to plaintiff's

15  specific claims be submitted, and that the court would draft final jury instructions, synthesizing

16  defendants' and plaintiff's proposed instructions.

17          Plaintiff asked for trial counsel or even a law student adviser.  The court indicated

18  that plaintiff's request would be considered, but probably denied because, if appointed, most

19  counsel would seek to re-start the case even at this very late juncture.  In addition, the

20  undersigned observed that plaintiff has been articulate and has displayed uncommon common

21  sense throughout this litigation.  Moreover, the court assured plaintiff pro se that the trial

22  proceedings would not be obscure or hyper-technical, but, instead, the undersigned will proceed

23  in a manner that will be as educational as possible for plaintiff.   Upon further reflection, the

24  court now concludes that appointment of counsel does not meet the required exceptional

25  circumstances for the court to request the voluntary assistance of counsel pursuant to 28 U.S.C.

26  § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,

2

1   900 F.2d 1332, 1335-36 (9th Cir. 1990), and the request will be denied.

2           Plaintiff re-visited an issue with regard to testimony as to the destruction of

3   certain records he desired to obtain from an unincarcerated witness, Laura Mefford (see Pretrial

4   Order, # 114,  p. 5), that defendants argued had been a discovery issue that was previously

5   resolved.  In a previous motion for unspecified sanctions, filed August 31, 2006, contending that

6   defendants had not acted in good faith with respect to producing sick call request sheets (CDC

7   Form 7263) from January 1, 1998, to the date of his production request, on February 5, 2005, the

8   court, after considering the evidence, concluded that defendants had not acted in evident bad

9   faith and denied the motion for unspecified sanctions without prejudice (see Order, filed on

10  7/13/07, pp. 10-14, 38), but stated, with regard to the then-pending summary judgment motion:

11          [D]efendants will not be permitted to set forth as an undisputed
            fact that plaintiff did not submit sick call request forms in the
12          period up to December 2005, related to his need for dental care,
            should they have sought to do so. Moreover, the court will accept
13          plaintiff's testimony that he made multiple requests for dental
            treatment during the period from July 2003, until December 2005,
14          the time during which defendants concede the prison either did not
            maintain records of request forms or for which the records of
15          request forms have been destroyed, should plaintiff raise the issue
            in his opposition to the motion for summary judgment. To the
16          extent that the issue of repeated sick requests for which there is no
            record may be material, it may become a disputed issue of fact.

17

18  Id. at 14.

19          At the trial confirmation hearing, the court made clear that plaintiff would be

20  permitted to testify as to the number of sick call requests he had made during the relevant period

21  without defendants' being permitted to challenge or dispute such testimony.  Thus, plaintiff's

22  need for the testimony of Laura Mefford has been obviated.

23          With regard to plaintiff's request concerning access to his inmate witnesses,

24  plaintiff was directed to first broach prison officials with his requests, as the court is reluctant to

25  interpose orders affecting prison administration/procedures without plaintiff having exhausted

26  more direct, less intrusive avenues.  As to defendants' request that they might wish to have

1  someone explain a statement that would be otherwise confusing in the medical records, the court

2  informed defendants that it would generally not hear objections on hearsay grounds re: the

3  medical records' hearsay exception (see Fed. R. Evid. 803(4)).   However, as plaintiff did not

4  object, the court permitted defendants to add Dr. Jennings as potential defense witness.

5  Plaintiff has filed his request for witness testimony as directed at the hearing.

6  Plaintiff identified Inmates Willis, Jennings and Bigelow in a supplemental filing to the Pretrial

7  Order.  See Docket Entry # 116.   Although at the trial confirmation hearing plaintiff had sought

8  the substitution of inmate Elmore for inmate Jennings, in his written request he altered the

9  substitution request to replace inmate Willis, not Jennings, with inmate Elmore.  The court will

10  now permit plaintiff to substitute David Elmore in place of Theodore Willis, as this court had

11  included inmate Elmore as one of the five inmate witnesses from whom plaintiff could select

12  three to appear as his inmate trial witnesses.  See Pretrial Order, # 114,  filed on 1/25/08, p. 7.

13  Moreover, as to the additional witnesses requested by plaintiff, inmate David Wayne Johnson,

14  CDC # C-61865, will be permitted to appear as a witness for plaintiff as well.  As to inmates

15  John Wilson and John Card, their proffered testimony appears to be unnecessarily duplicative of

16  testimony plaintiff should be able to obtain from those inmate witnesses he is being permitted to

17  call, and, as to inmate Menacho's testimony, the relevance of his testimony is questionable, and

18  plaintiff will not be permitted to call these three additional inmate witnesses.

19  With regard to the question of whether any of plaintiff's inmate witnesses will be

20  allowed to make in-person court appearances, after due consideration, the court now determines

21  that all such witnesses should appear by way of video-conferencing.   Several reasons militate for

22  this ruling.  Plaintiff underestimates the burden on the state and the taxpayer of the cost of

23  providing transportation, alternate housing and security for such appearances by multiple

24  inmates.  Moreover, the inmate witnesses themselves will be burdened by having any current

25  work (and any earnings therefrom) and program schedules disrupted, as well as by experiencing

26  interruptions to any on-going litigation or other projects with which they may be involved

1  themselves by limited, if any, access to their own legal and personal property and to the law

2  library entailed by physical transport and alternate housing, and there is no guarantee that these

3  disruptions will be brief, as inmates brought to this court for an appearance have often

4  experienced being housed away from their assigned institutions for an indefinite and extended

5  period.  Finally, in this constantly and rapidly advancing technological/digital age, there are very

6  few, if any, individuals unfamiliar with experiencing and fully absorbing the reality of televised

7  images.  It is highly unlikely that there will be any meaningful nuance that any prospective juror

8  could miss simply by having to focus on a video communication rather than by seeing a witness

9  in person.

10  Miscellaneous

11          On March 31, 2008, some two weeks following the trial confirmation hearing,

12  plaintiff, without seeking or obtaining the court's permission, filed a purported motion for partial

13  summary judgment.   In a motion to strike the motion as untimely, filed on April 2, 2008,

14  defendants correctly noted that the Scheduling Order, filed on 9/26/06, required that all pretrial

15  motions, other than discovery motions, be filed by January 19, 2007.   The only dates that have

16  been altered in the Scheduling Order have been the dates for the pretrial conference and the trial.

17  Defendants' motion will be granted and plaintiff's belated summary judgment motion will be

18  stricken as untimely.

19          On March 24, 2008, plaintiff filed a request for a new Scheduling Order setting

20  forth the times and dates set at the trial confirmation hearing, which request will be denied as

21  moot.  On April 2, 2008, plaintiff sought an extension of time to meet the deadlines that are

22  herein set forth because CSP-Solano was, as of March 28, 2008, on full lockdown status.

23  Plaintiff does not thereby, however, make clear that he will otherwise be unable to meet the

24  deadlines for submitting proposed jury instructions, etc., in accordance with this order; therefore,

25  the request will be denied as premature.

26  \\\\\

1    Finally, the date for exchange of the parties' trial exhibits identified in the Pretrial

2 Order is extended from the deadline set forth therein.  To the extent that they have not already

3 done so, the parties shall exchange copies of their exhibits by mail within ten days of the date of

4 this order.

5    Accordingly, IT IS ORDERED that:

6    1.  The prior trial date before Judge Burrell has been vacated from the Pretrial

7 Order, and the trial date has been re-set for June 16, 2008, at 9:00 a.m. before the undersigned in

8 Courtroom # 24;

9    2.  To the extent that they have not yet done so, the parties are to exchange trial

10 exhibits by mail within ten days of the date of this order; each party is to file any objections to

11 exhibits by ten days before trial, and, as set forth in the Pretrial Order, plaintiff is to mark

12 exhibits by numbers and defendant to use letters;

13    3.  Defendants' counsel will produce an authenticated master copy of plaintiff's

14 medical file/records, including but not limited to plaintiff's dental records, beginning from 1999

15 through the present, at trial; should plaintiff seek to submit his own medical/dental record

16 exhibit, as long as it is matched in the master copy, he will be permitted to submit it as a trial

17 exhibit without further authentication, but with any extraneous added commentary or notation

18 stricken;

19    4.  In addition to inmate witness Charles Jennings, CDC # C-01249, and inmate

20 witness Wendell Bigelow, CDC# T-66059, plaintiff may call inmate witness David Elmore,

21 CDC # K-87926, in place of inmate Theodore Willis, which substitution constitutes an

22 amendment to the Supplement to Pretrial Order, filed on 2/22/08; moreover, plaintiff may also

23 call inmate David Wayne Johnson, CDC # C-61865, as a witness, but all inmate witnesses, other

24 than plaintiff himself, will appear only via video-conferencing, and plaintiff will be permitted no

25 other inmate witnesses; the court will issue the appropriate writs of habeas corpus ad

26 testificandum for all inmate witnesses and plaintiff at the appropriate time;

5. Pursuant to defendants' request, and without objection by plaintiff, defendants have been permitted to add Dr. Jennings as a potential defense witness to those witnesses previously identified in the Pretrial Order;

6. Any discovery requests sought to be put before the jury must be specifically identified in a motion in limine;

7. Motions in limine must be filed two weeks before trial with any response due one week prior to trial;

8. Defendants are precluded from challenging any testimony by plaintiff with regard to the number of sick call requests he submitted for dental treatment during the period from July 2003, until December 2005;

9. Proposed jury instructions must be filed one week prior to trial;

10. If plaintiff or defendants wish to submit a trial brief, any trial brief must be filed one week prior to trial

11. Defendants' April 2, 2008 (#128) motion to strike as untimely plaintiff's motion for partial summary judgment, filed on March 31, 2008 (#126) is granted, and plaintiff's belated partial summary judgment motion is stricken;

12. Plaintiff's March 24, 2008 (# 125), request for a new Scheduling Order is denied as moot;

13. Plaintiff's April 2, 2008 (# 129), request for an extension of time is denied as premature.

DATED: 04/22/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:009
broo1254.tch

7