1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD DWANE BROOK,

11              Plaintiff,                    No. CIV S-04-1254 GGH P

12        vs.

13   TOM L. CAREY, Warden, et al.,

14              Defendants.              ORDER,

15   _____/

16   _____Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  This matter is set for trial on June 16, 2008, at 9:00 a.m., before the undersigned.  In an

18   Order, filed on April 22, 2008, which was issued after the trial confirmation hearing in this

19   matter on March 17, 2008, and after subsequent filings as directed at the hearing, this court

20   ordered, inter alia, the following:

21              In addition to inmate witness Charles Jennings, CDC # C-01249,
                and inmate witness Wendell Bigelow, CDC# T-66059, plaintiff
22              may call inmate witness David Elmore, CDC # K-87926, in place
                of inmate Theodore Willis, which substitution constitutes an
23              amendment to the Supplement to Pretrial Order, filed on 2/22/08;
                moreover, plaintiff may also call inmate David Wayne Johnson,
24              CDC # C-61865, as a witness, but all inmate witnesses, other than
                plaintiff himself, will appear only via video-conferencing, and
25              plaintiff will be permitted no other inmate witnesses; the court will
                issue the appropriate writs of habeas corpus ad testificandum for all
26              inmate witnesses and plaintiff at the appropriate time[.]

1

1    Order, filed on April 22, 2008, p. 6.

2              The remaining defendants include Warden Tom L. Carey, in his official capacity.

3    See Pretrial Order, filed on January 25, 2008, p. 1.  In the Pretrial Order, the court directed

4    plaintiff to state why his potential inmate witnesses should not provide their trial testimony via

5    video-conferencing within ten days.  At the March 17, 2008, trial confirmation hearing,

6    defendants' counsel offered no objection to the appearance of plaintiff's inmate witnesses at trial

7    via video-conferencing.  In the Order, filed on April 22, 2008, in determining that plaintiff's

8    inmate witnesses, other than plaintiff himself, would all appear via video-conferencing, the court

9    stated the following:

> With regard to the question of whether any of plaintiff's inmate
> witnesses will be allowed to make in-person court appearances,
> after due consideration, the court now determines that all such
> witnesses should appear by way of video-conferencing.  Several
> reasons militate for this ruling.  Plaintiff underestimates the burden
> on the state and the taxpayer of the cost of providing
> transportation, alternate housing and security for such appearances
> by multiple inmates.  Moreover, the inmate witnesses themselves
> will be burdened by having any current work (and any earnings
> therefrom) and program schedules disrupted, as well as by
> experiencing interruptions to any on-going litigation or other
> projects with which they may be involved themselves by limited, if
> any, access to their own legal and personal property and to the law
> library entailed by physical transport and alternate housing, and
> there is no guarantee that these disruptions will be brief, as inmates
> brought to this court for an appearance have often experienced
> being housed away from their assigned institutions for an indefinite
> and extended period.  Finally, in this constantly and rapidly
> advancing technological/digital age, there are very few, if any,
> individuals unfamiliar with experiencing and fully absorbing the
> reality of televised images.  It is highly unlikely that there will be
> any meaningful nuance that any prospective juror could miss
> simply by having to focus on a video communication rather than by
> seeing a witness in person.

23   Order, filed on April 22, 2008, pp. 4-5.

24             Moreover, it has been the experience of the undersigned that inmate witnesses

25   compelled to be transported for in-person testimony are resentful and upset by the disruption in

26   their routines and by the discomfort and restrictions of being placed in administrative segregation

1    at California State Prison - Folsom, as they await their court appearances.  This resentment often
2    infuses the testimony for which they are appearing and can color the tenor of that testimony.  It is
3    therefore conducive to the court's purpose of receiving the most objective testimony to make sure
4    to the extent practical that inmate witnesses are not so wholly inconvenienced by having to
5    provide that testimony.  That video-conferencing also promotes judicial economy and efficiency
6    and lessens taxpayers' burden, as noted above, are factors at least as significant that go to the
7    determination that all parties and the public's interest is best served by this mode of inmate
8    witness trial appearances.

9          No objection was posed by the defendant warden at CSP-Solano to the April 22,
10   2008, Order, informing all parties that the inmate witnesses, all of whom are incarcerated at CSP-
11   Solano, would appear via video-conferencing.  It is only following issuance of the writs of habeas
12   corpus ad testificandum that there has been any signal that CSP-Solano would be unable to
13   provide the requisite facilities at the appropriate date and times due to BPH hearings.  (The court
14   notes that there has been no actual filing in the docket by defendants on this point).   If such
15   hearings are reasonably scheduled in advance, there appears to be no reason why defendants'
16   counsel did not interpose the likelihood of such a schedule conflict at the trial confirmation
17   hearing.  Certainly, thereafter, upon the issuance of the post- trial confirmation hearing order, any
18   such objections should have been raised.  Moreover, it is not even clear to the court that the
19   video-conferencing equipment is actually used during the BPH hearings, but only that it is
20   located in the same room wherein such hearings are conducted.  The court does not intend to
21   alter the court schedule to accommodate informal, last-minute obstructions.
22   \\\\\
23   \\\\\
24   \\\\\
25   \\\\\
26   \\\\\

1    Accordingly, IT IS ORDERED that defendant warden is directed to show cause,

2 by no later than May 22, 2008, why the inmate witnesses may not appear via video-conferencing

3 as set forth in the writs of habeas corpus testificandum, filed on May 7, 2008, and must show

4 cause why sanctions should not be imposed for the inconvenience of any continuance of this trial

5 which may result based on the unavailability of the video-conferencing facilities.

6 DATED: 05/15/08

                                                    /s/ Gregory G. Hollows

7                                      _____

8                                      GREGORY G. HOLLOWS
                                       UNITED STATES MAGISTRATE JUDGE

9

GGH:009
10 broo1254.osc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26