IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DWANE BROOK,

     Plaintiff,                       No. CIV S-04-1254 GEB GGH P

    vs.

TOM L. CAREY, Warden, et al.,

     Defendants.         <u>ORDER</u>,

_____/

          Plaintiff has filed several motions in limine, most of which are premature and are to be addressed at another more appropriate time. <u>See</u> Order, filed on 4/22/08, p. 7. However, three of plaintiff's more pressing requests are addressed herein.

          Plaintiff contends that he has just discovered an inmate witness, Joe Gallo, CDC # D-64027, whom he wishes to call because plaintiff believes that his potential testimony would be relevant to the issues raised in this case. Plaintiff also seeks to be allowed to present two recently acquired exhibits, one of which he identifies as # 69, containing an inmate appeal grievance initiated by inmate Gallo regarding Gallo's apparently unsuccessful effort to obtain dental floss/bridge threaders for bridge work he obtained privately at his own expense. Proposed Exhibit # 68 is an unauthenticated two-page copy of a bulletin entitled "Managing Your Acute Pain- A Patient's Guide" evidently with an imprint of Queen of the Valley Hospital on the

1

document. Plaintiff represents that inmate Gallo would testify, inter alia, that Dr. Deffenbaugh ordered medical treatment that was denied by former defendant Cheung and current defendant Traquina. See Motion, filed on 5/13/08 # 13. Plaintiff notes that defendants have listed Dr. Deffenbaugh as a witness, and plaintiff believes this individual will be asked to offer expert testimony.[1] To the extent that plaintiff seeks to add yet another inmate witness to offer more testimony in support of plaintiff's claim that the dental staff at CSP-Solano does not provide adequate dental care, plaintiff does not make a sufficient showing for the court to further amend the witness list at this advanced stage of the litigation. Therefore, at this time the court will not permit plaintiff to present the additional exhibits, # 68 and # 69. On the other hand, should Dr. Deffenbaugh take the stand for defendants, plaintiff may be permitted to cross-examine him (or any other defense witness) on any information provided by inmate Gallo that is relevant to plaintiff's claim, including any information plaintiff has contained within his proposed exhibits # 68 and # 69. In addition, the court may determine that inmate Gallo might be an appropriate rebuttal witness for plaintiff. Therefore, while plaintiff's motions for a new witness and new exhibits will be denied at this time, defendants must be prepared to provide inmate Gallo for testimony via videoconferencing at trial as a rebuttal witness for plaintiff.

In a third motion, plaintiff asks the court to fashion an order directing the prison to permit him to meet to confer with all of his inmate witnesses prior to trial. The undersigned notes that plaintiff identifies six putative inmate witnesses when he is only being permitted to call four inmate witnesses (other than himself). Plaintiff maintains that, despite his efforts to obtain greater access, the prison has informed him that he will be restricted to communicating with the inmate witnesses by mail within the prison's regular mail procedures in the form of one letter directed to each of them. Plaintiff asks that the court direct prison officials to provide him

---

[1] The court has previously cautioned defendants that to the extent that defendants intend for Dr. Deffenbaugh to present expert testimony, he would be permitted to do so only as a percipient expert, unless defendants complied with the requirements of Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 26. See Pretrial Order, filed on 1/25/08 p. 7 & n. 3.

1 with a quiet and secure meeting place for an undefined number of meetings of an undetermined
2 length of time between himself and his trial witnesses, indicating that he would not object to the
3 presence of an officer. This request will be denied. The court understands plaintiff's frustration
4 with the obstacles posed by the method of communication to which he is limited, however, the
5 undersigned is loath to interfere with prison administration absent extraordinary circumstances
6 that are not present here.

7       Accordingly, IT IS ORDERED that:

8       1. Plaintiff's motions, filed on 5/13/08, to be permitted to call a new witness, filed
9 on 5/13/08 (# 142), and motion to present new exhibits (# 144), are denied at this time, with the
10 caveats set forth above;

11       2. Plaintiff's motion, filed on 5/13/08 (# 143), for a court order directing CSP-
12 Solano prison officials to allow plaintiff pre-trial meetings with his inmate witnesses is denied.

13 DATED: 05/22/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
broo1254.ord